**No. 50098.**—Protests 106499–K, etc., of E. Dillingham, Inc. (Ogdensburg).

Opinion by OLIVER, P. J. Exhibit 1, known as an "arctic jacket," has an outer shell composed mainly of a cotton cloth known as "Stifel Cloth," and an inner shell of the same shape as the outer shell, consisting of a body lining made of 40 percent cotton and 60 percent rayon, with an interlining composed of four sections of a cotton quilted material filled with down. The outer and inner shells are made separately and then joined together, after which certain finishing operations are performed. From the evidence it appeared that the cost to the manufacturer of labor and material attributable to the cotton of both the inner and outer shells was considerably higher than the cost attributable to the down. Counsel for the respective parties agreed that the rule for determining the component material of chief value under the circumstances of the case at bar is that expressed in *United States* v. *Bacharach* (18 C. C. P. A. 353, T. D. 44612). (*United States* v. *Rice-Stix Dry Goods Co.*, 19 C. C. P. A. 232, T. D. 45337, cited.) On the record presented, it was held that the component material of chief value of the merchandise was cotton, and the claim under paragraph 919 was therefore sustained.

**No. 50099.**—Protests 97789–K, etc., of John H. Frankenberg et al. (New York).

Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50100.**—Petition 6287–R of United Import & Export Co. (El Paso).

Opinion by COLE, J. Determination of the dutiable values of merchandise similar to that covered by the shipments in question was decided in *United States* v. *Mexican Products Co.* (Reap. Dec. 4549) and in *United States* v. *Mexican Products Co.* (28 C. C. P. A. 80, C. A. D. 129), the appellate court finally sustaining the Government's contention in holding that statutory foreign and export values contemplate the price at which merchandise is freely offered to all purchasers, and therefore in a market where sales are made at varying discounts as well as net prices, the latter must be accepted as meeting all requirements of the law. Additional duties accrued from this judicial construction, and it is an appeal for the remission of such duties that gives rise to the present case. When the case was called for trial a member of the petitioner company, who purchased the merchandise in question, testified that he consulted with the customs officials before any of the entries were made and furnished them with all information at his disposal, revealing the basis for claiming a discount from list prices in the entered values. Government counsel stated that there was no intent on the part of petitioner to defraud the Government. From an examination of the record and a consideration of all the facts and circumstances, the petition was granted.